UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| PRECISION TRENCHLESS, LLC, ET AL., | : | CIVIL CASE NO. |
|---|---|---|
| Plaintiff, | : | 3:19-CV-0054 (JCH) |
| | : | |
| v. | : | |
| | : | |
| SAERTEX MULTICOM LP, ET AL., | : | MARCH 30, 2020 |
| Defendants. | : | |

**RULING ON PRECISION'S MOTION FOR RECONSIDERATION (DOC. NO. 96)**

**I.   INTRODUCTION**

On March 12, this court granted in part and denied in part Ludlow Construction Company's ("Ludlow") Motion for Partial Summary Judgment against Precision Trenchless, LLC ("Precision").  See Ruling (Doc. No. 89).  Precision now moves the court to reconsider and/or clarify its Ruling.  See Motion for Reconsideration (Doc. No. 96).  For the reasons stated below, Precision's Motion is denied.

**II.   STANDARD**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

1

## III. DISCUSSION

In its Motion to Reconsider, Precision objects to this court's holding that "[t]he unambiguous language of the Subcontract, as well as the weight of case law in this state, make it clear that Precision agreed to indemnify Ludlow for the damages and claims at issue here." Ruling at 10. Precision moves the court to reconsider this holding:

> Precision requests that the Court reconsider or modify its Order granting summary judgment in favor of Ludlow on its contractual indemnity claim (Count I) consistent with the reasoning in Your Honor's decision in Costin v. Bhandari Constructors & Consultants, Inc., 285 F. Supp. 2d 165, 169 (D. Conn. 2003) to clarify that Precision is only obligated to indemnify Ludlow for the damages and claims at issue in this consolidation action to the extent they do not arise out of Ludlow's own negligence.

Mot. at 1. The court denies Precision's motion to modify or reconsider its prior Ruling.

In Costin v. Bhandari, this court analyzed the following subsection of an indemnity provision:

> Section 7: Indemnification. The Subcontractor [Tip Top] further specifically obligates himself to the Surety [USF&G] in the following respects, to-wit: . . . (c) To pay for all materials furnished and work and labor performed under this Contract, and to satisfy the Surety thereupon whenever demand is made, and to indemnify the Surety against and save them and the premises harmless from any and all claims, suit, or liens therefore by others than the Subcontractor.

285 F. Supp. 2d 169-170. The other subsections specified that Tip Top would only be liable for specific, enumerated examples of its own negligence. Id. at 170. However, the court found the language of subsection (c) to be ambiguous. "For example, although it would appear at first glance that the word 'them' refers to the Surety, the court notes that the Surety is referred to in the singular (e.g., "him"), in other parts of the subcontract, including the preceding two subsections." Id.

The court noted that any agreement that entitled USF&G to indemnity for its own negligence would violate section 52-572k(a) of the Connecticut General Statutes. Based on the ambiguity in the contract, and this provision of the Connecticut General Statutes, the court held:

> [T]o the extent that there remains a genuine issue of material fact as to whether Tip Top was liable for the injuries that are at issue in this case, and to the extent that USF&G's contractual indemnification claim merely seeks to hold Tip Top liable for its own acts and omissions under the contract, this claim survives Tip Top's motion for summary judgment.

Id.

In its Motion, Precision objects that this court's holding as to Count One "does not carve out damages that are found to be caused by Ludlow's own negligence" and that the holding "does not include language that accounts for this exception as [Costin] did." Mot. at 3. Unlike the contract in Costin, there is no ambiguity in the Subcontract at issue in Ludlow's Motion for Summary Judgment. The Subcontract expressly excludes Precision's duty to indemnify Ludlow for Ludlow's negligence. See Agreement Between Contractor and Subcontractor ("Subcontract") (Doc. No. 55-5), at 5 ("[Precision] shall not be required by this agreement to indemnify a party for that portion of any loss that is directly attributable to the negligence of the party to whom indemnification is owed, except to the extent such indemnification is permitted by law."). Because Ludlow never sought indemnity for its own negligence, and because there was never any question that such a demand would violate the terms of the Subcontract and Connecticut law, the court did not include the language it included in Costin.

The court's holding–that "Precision agreed to indemnify Ludlow for the damages and claims at issue here"—remains sound and will not be modified. The court does not

imply, and never intended to imply, that the claims "at issue here" involved claims asserting Ludlow's negligence. The claims "at issue" in Ludlow's Motion for Summary Judgment involved damages "resulting from performance of [Precision]'s Work under the Subcontract," "arising out of . . . an act or omission of [Precision]" or Precision's subcontractors, but not including "any loss that is directly attributable to the negligence of [Ludlow]." See Subcontract at 5.

## IV. CONCLUSION

For the reasons stated above, Precision's Motion for Reconsideration (Doc. No. 96) is denied.

**SO ORDERED.**

Dated this 30th day of March 2020 at New Haven, Connecticut.

        /s/ Janet C. Hall
        Janet C. Hall
        United States District Judge