UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PRECISION TRENCHLESS, LLC, ET AL., | : | CIVIL CASE NO. |
| | : | 3:19-CV-0054 (JCH) |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SAERTEX MULTICOM LP, ET AL., | : | MARCH 16, 2022 |
|     Defendant. | : | |

**RULING ON MOTION TO AMEND (DOC. NO. 313)**

**I.    INTRODUCTION**

This consolidated action concerns a project to repair a broken sewage pipe in West Hartford, Connecticut.  The parties to this action are: (1) the Metropolitan District Commission ("MDC"), the specially chartered Connecticut municipal corporation that commissioned the pipe repair project; (2) Ludlow Construction Company, Inc. ("Ludlow"), MDC's general contractor; (3) The Charter Oak Fire Insurance Company ("Charter Oak") and Travelers Property Casualty Company of America ("TPCCA") (collectively, "the Insurance Companies"), Ludlow's insurers; (4) Precision Trenchless, LLC ("Precision"), Ludlow's subcontractor; and (5) Saertex multiCom LP ("Saertex") and Granite Inliner, LLP ("Granite"), the manufacturers of the failed liner.  The court assumes the parties' familiarity with the background of this action, which the court has detailed in prior Rulings.  See Feb. 28, 2022 Ruling on Mots. for Summary J. (Doc. No. 321) at 3-5; Feb. 28, 2022 Ruling on Mots. to Preclude (Doc. No. 321) at 3-5.

Now before the court is MDC's Motion to Amend its First Amended Complaint See MDC Mot. to Am. (Doc. No. 313).  In its Motion, MDC seeks to add an allegation to the body of its Amended Complaint that: "Ludlow put Precision on notice of the MDC

1

demand on October 5, 2018." See id. at Ex. 3 ¶ 23.  In addition, MDC seeks to amend Counts Two (failure to perform, Precision), Three (failure to indemnify, Ludlow), Four (failure to indemnify, Precision), Five (negligence, Precision), Seven (breach of warranty, Precision) Ten (common law indemnification, Ludlow), and Eleven (common law indemnification, Precision). Id. at ¶¶ 31-77.  Ludlow and Precision have both filed objections.  See Ludlow Opp'n to MDC Mot. to Am. (Doc. No. 314); Precision Opp'n to MDC Mot. to Am. (Doc. No. 315).

## II.   LEGAL STANDARD

Because the court has issued a Scheduling Order and the date to amend has passed, "the lenient standard" for granting leave to amend "under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the [c]ourt's scheduling order 'shall not be modified except upon a showing of good cause.'"  Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009), certified question answered, 286 Ga. 636, 691 S.E.2d 196 (2010).  Thus, where, as here, a party's motion to amend would require altering a court's scheduling order, the party "must satisfy both Federal Rules of Civil Procedure 15 and 16 to be permitted to amend."  Pasternack v. Shrader, 863 F.3d 162, 174 n.10 (2d Cir. 2017) (emphasis added and internal brackets omitted).

To meet the "good cause" standard of Rule 16, a party generally must have acted "diligen[tly]." Id.  However, diligence is not the only consideration, and a court "also may consider other relevant factors, including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [non-movants]." Kassner, 496 F.3d at 244.  Indeed, where amendment would not prejudice the non-moving party, "[d]istrict courts in this Circuit have held that they have discretion to grant

2

a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." McGucken v. Content IQ LLC, No. 20 CIV. 8114 (AKH), 2021 WL 5357473, at *2 (S.D.N.Y. Nov. 16, 2021) (citing Suarez v. Cal. Natural Living, Inc., No. 17-CV-9847, 2019 U.S. Dist. LEXIS 178108, at *2, 2019 WL 5188952 (S.D.N.Y. Oct. 15, 2019)).

In Pasternack, the Second Circuit elaborated upon the Rule 15 standard that should be balanced against Rule 16's "good cause" requirement:

> [Under Rule 15,] [l]eave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting Block, 988 F.2d at 350). A litigant may be "prejudiced" within the meaning of the rule if the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [non-moving party] from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350. However, "[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Nor can complaints of "the time, effort and money . . . expended in litigating [the] matter," without more, constitute prejudice sufficient to warrant denial of leave to amend. Id. at 351.

Pasternack, 863 F.3d at 174.

### III.   DISCUSSION

The court reluctantly concludes that, in weighing the "good cause" requirement of Rule 16 against the liberal "absence of . . . prejudice or bad faith" of Rule 15, MDC's Motion is granted in whole for the following reasons.

#### A.   Count Three: Duty to Indemnify as to Ludlow

As to Count Three, sounding in duty to indemnify against Ludlow, MDC seeks to add four paragraphs alleging that MDC demanded indemnification from Ludlow, Ludlow

3

has actual knowledge of the claim regarding its duty to defend, Ludlow has refused to pay fees or costs, and MDC has sustained damages as a result. See MDC Mot. to Am. at Ex. 3 ¶¶ 35-38.  Ludlow objects that MDC's Motion is both belated and unjustified. Moreover, Ludlow argues that MDC seeks to interject a new duty to defend claim. See Ludlow Opp'n to MDC Mot. to Am. at 1.

However, on a balancing of Rule 15 and 16, the court grants MDC's Motion as to Count Three of its Amended Complaint.  First, under Rule 15, Ludlow has not shown that it will be unduly prejudiced by MDC's proposed changes to Count Three.  After nearly three years of litigation, including extensive discovery and the compiling of a substantial record, the additional allegations should not require Ludlow to expend "significant additional resources" on discovery or trial preparation.  Nor will the additional allegations "delay the resolution" of this matter.  There is also no evidence in the record to suggest that the amendments would prevent Ludlow from bringing a timely action in another jurisdiction, should it so choose.  Lastly, Ludlow has not shown that MDC seeks to amend in bad faith. Thus, the absence of undue prejudice or bad faith weighs in favor of allowing MDC to amend its complaint under Rule 15.

As to whether "good cause" exists to amend under Rule 16 cause, the court has determined that MDC has made a middling but sufficient showing of good cause.  Just over two months after this court's September 22, 2021 Ruling identified deficiencies in MDC's First Amended Complaint, see Sept. 22, 2021 Ruling on Mots. for Summary J. at 27-32 (Doc. No. 310), MDC moved to file its Second Amended Complaint.  MDC represents that it sought to communicate with counsel for Ludlow and Precision before filing the instant Motion to Amend.  See MDC Opp'n to Ludlow at 4 (Doc. No. 316).

Courts in this Circuit have found that plaintiffs acted diligently and, thus, that good cause existed to amend, when plaintiffs sought leave to amend within similar periods of having learned of the bases for amendment. See, e.g., Boyd v. Pinnacle Athletic Campus, LLC, No. 19-CV-6795W, 2022 WL 419348, at *4 (W.D.N.Y. Feb. 11, 2022) (citing Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) ("filing a motion to amend within two months of acquiring the information is sufficient to show diligence"); Zimpfer v. Hilbert Coll., No. 21-CV-231(LGF), 2021 WL 6846275, at *2 (W.D.N.Y. Dec. 2, 2021) (granting a Motion to Amend filed three months after the deadline where defendants mistakenly admitted an allegation in their Answer). Most of these cases, with the exception of Zimpfer, involved circumstances wherein a movant learned of information that they had neither known nor had reason to know at the time they filed their original pleading. See, e.g., Enzymotec Ltd., 754 F. Supp. 2d at 537 (movant learned of new facts relating to alleged breach of contract after the deadline to amend). In Zimpfer, though, Magistrate Judge Foschio distinguished between a lack of diligence and a "lack of attention to detail in preparing [pleadings]" where attorneys for the defendants identified errors in their answer after the deadline to amend had passed. See Zimpfer, 2021 WL 6846275, at *2. The court finds Judge Foschio's reasoning persuasive in the instant case where, as in Zimpfer, counsel for MDC learned that their pleadings were deficient after the deadline to amend. While MDC's Amended Complaint certainly reflects a troubling "lack of attention to detail" in failing to properly plead MDC's duty to indemnify or defend claims, MDC's Motion to Amend does not reflect a lack of diligence on the part of MDC, as MDC moved to amend within a

reasonable timeframe after learning that its First Amended Complaint was insufficiently pled.[1]

Because MDC has shown good cause under Rule 16 and because, under Rule 15, Ludlow will not suffer undue prejudice and MDC has not acted in bad faith, the court grants MDC's Motion to Amend as to Count Three.

B.     Count Ten: Common Law Indemnification as to Ludlow

MDC also seeks to add two paragraphs to Count Ten, alleging that Ludlow has refused to pay costs incurred by MDC and that MDC has suffered damages. See MDC Mot. to Am. Ex. 3 at ¶¶ 69, 71. In opposition, Ludlow argues that the allegations "materially change" the common law indemnification claim. See Ludlow Opp'n to MDC Mot. to Am. at 7.

First, as to the damages allegation, Ludlow is not unduly prejudiced by the addition of paragraph 71's perfunctory claim that "as a result of the failures outlined above, MDC has incurred and will continue to incur damages." MDC Mot. to Am. at Ex. 3 ¶ 71. Every Count of MDC's First Amended Complaint already incorporates paragraphs 20 and 21, which state:

> 20. The Collapse was caused by the failure of the Liner installed by Ludlow, through its subcontractor, Precision.
>
> 21. As a result of the Collapse, the MDC has expended substantial sums of money and has been exposed to liability from potential claims arising from the Collapse, and other expenses pertaining to the rehabilitation of impaired property and replacement of the Liner as well as additional employee resources and time to correct the damage done.

---

[1] The court emphasizes that MDC's showing of diligence is, at most, passable. However, given the lack of prejudice to Precision, even if the court were to conclude that MDC lacked diligence, the court would follow the lead of the district courts that have exercised their discretion to grant a motion to amend in the absence of prejudice to the nonmovant "even where the moving party has not shown diligence." See, e.g., McGucken, 2021 WL 5357473, at *2.

See MDC Am. Compl. at ¶¶ 20-21.  In its Complaint, a plaintiff need only "plead[ ] factual content that allows the court to draw the reasonable inference that [it] suffered damages . . . , [it] need not . . . specify the measure of damages nor plead . . . [specific] proof of causation."  Terex S. Dakota, Inc. v. Carraro Drive Tech, S.P.A., No. 3:17-CV-00154 (MPS), 2018 WL 1211198, at *3 (D. Conn. Mar. 8, 2018) (citing Errant Gene Therapeutics, LLC et al. v. Sloan-Kettering Inst. for Cancer Research, No. 15-CV-2044 (AJN), 2016 WL 205445, at *7 (S.D.N.Y. 2016)).  MDC's existing allegations in its First Amended Complaint regarding the liner's collapse and MDC's resulting losses already provide an adequate "indication of how [Ludlow's conduct] resulted in damages."  Id. (collecting cases).  Furthermore, paragraph 30 of Count Ten of the First Amended Complaint expressly alleges that, "[a]s a result of Ludlow's negligence, MDC has suffered damages . . . ."  MDC Am. Compl. at Count 10 ¶ 30 (Doc. No. 92).[2]  Therefore, the addition of paragraph 71 does not alter the underlying indemnity claim.

Second, the court can easily conclude that, under Rule 15, Ludlow is not unduly prejudiced by any of the proposed amendments to Count Ten.  Ludlow has already filed a Motion for Summary Judgment as to Count Ten of MDC's First Amended Complaint.  See Ludlow Mot. for Summary J. as to MDC (Doc. No. 255).  In its Motion, Ludlow did not assert that Count Ten was insufficiently pled, and the court resolved the Motion without considering whether the Count was properly pled.  See Feb. 28, 2022 Ruling on Mots. for Summary J. (Doc. No. 321).  After nearly two years of litigation, the record is

---

[2] The paragraphs in MDC's First Amended Complaint are oddly numbered.  All eleven Counts start with a paragraph numbered "1", incorporating paragraphs 1 through 26 of the Amended Complaint's body. Then, each Count's allegations are set forth in paragraphs numbered 27, 28, 29 and so on. Thus, the Complaint contains multiple paragraphs labeled with the same number. To avoid confusion, when referring to the First Amended Complaint, the court references both the relevant Count and the corresponding paragraph number within that Count.

replete with evidence as to payments to homeowners and alleged damages suffered by the parties.  Thus, these additional allegations will not require Ludlow to expend more time or resources to prepare for trial, nor will they unduly delay the resolution of this dispute.  There is also no evidence in the record suggesting that the amendments would prevent Ludlow from filing an action in another jurisdiction. Thus, Ludlow is not unduly prejudiced.  Accordingly, and in the absence of a showing of bad faith on the part of MDC, Rule 15 weighs in favor of allowing MDC to amend Count Ten.

Moreover, the court concludes that MDC has made a passable showing of good cause.  See MDC Reply to Ludlow at 5, 6 (Doc. No. 317).  MDC seeks to clarify its claims—even those which were properly pled—in response to this court's September 29, 2021 Ruling.  The record does not reflect a lack of diligence on the part of MDC.  See pp. 4-6, supra (discussing MDC's diligence and good cause).  Thus, in the absence of undue prejudice to Ludlow or a lack of diligence on behalf of MDC, the court grants the Motion to Amend as to Count Ten of MDC's Amended Complaint.

      C.     Count Four: Failure to Indemnify as to Precision

MDC seeks to add three allegations to Count Four's failure to indemnify claim against Precision.  MDC Mot. to Am. at Ex. 3 ¶¶ 39-44.  First, Precision's obligation to indemnify the MDC began when Ludlow received notice of a demand and provided notice to Precision.  Id. at ¶ 40.  Second, Ludlow forwarded a demand letter to Precision on October 5, 2018, and Precision has actual knowledge of the claims against MDC.  Id. at ¶¶ 41-43.  Lastly, MDC has incurred damages and is entitled to indemnification.  Id. at ¶ 44.

Precision objects, arguing that the "law of the case" doctrine precludes relief, because the doctrine disfavors "[n]ew pleadings intended to raise again a question of

law which has already been presented on the record and determined adversely to the pleader . . . ." See Precision Opp'n at 12 (citing Webster Bank v. Zak, 71 Conn. App. 550, 560 (2002)).[3]  Law of the case is a "doctrine of judicial efficiency" that allows the court to avoid duplicative litigation of issues that have already been decided.  See Liani v. Baker, No. 09-CV-2651 (ILG), 2010 WL 2653392, at *11 (E.D.N.Y. June 28, 2010). However, the doctrine does not apply to questions that have not yet been decided; indeed, law of the case rules "come[ ] into play only with respect to issues previously determined."  Quern v. Jordan, 440 U.S. 332, 347 n. 18 (1979).

In its September 22, 2021 Ruling, this court denied MDC's Motion for Summary Judgment as to Count Four of its Amended Complaint sounding in failure to indemnify and failure to defend.  See Sept. 22, 2021 Ruling on Mots. for Summary J. at 30-31. The court ruled that MDC had not adequately pled either its duty to indemnify claim or its duty to defend claim.  See id.  The court also questioned whether a letter addressed to "Excess Claims Reporting, Great Divide Insurance Company" requesting indemnification as an additional insured constituted evidence that Precision had notice of the indemnification claim under Precision's subcontract with MDC. Id.

MDC's proposed amendments—alleging that MDC made a 2018 demand to Ludlow and that Ludlow, in turn, relayed the demand to Precision—raise factual

---

[3] The court notes that Precision cites only Connecticut authority regarding the law of the case doctrine.  See Precision Opp'n at 11-15.  The law of the case doctrine lies at the boundary between substantive and procedural law, and generally the court would consider whether to apply state or federal law of the case doctrine.  However, the court need not determine which jurisdiction's law applies here because, under either Connecticut state law or federal law, the law of the case doctrine only applies to questions that have already been determined.  See, e.g., Quern, 440 U.S. at 347 n. 18 (holding that the law of the case doctrine applies only to "issues previously determined"); Webster Bank, 71 Conn. App. at 560 (holding that the doctrine of the law of the case applies to questions that have "already been presented . . . and determined").

9

circumstances leading to a question of law the court has not yet considered.  Namely, the court has not determined whether an alleged demand by MDC to Ludlow (MDC's general contractor), then relayed to Precision (Ludlow's subcontractor), constitutes notice for the purposes of MDC's indemnity claim against Precision.  The new allegations do not assert the same "type of notice" the court rejected in its September 22, 2021 Ruling—a letter to Precision's insurer, Great Divide Insurance Company, demanding indemnity under Precision's insurance policy.  See Sept. 22, 2021 Ruling on Mots. for Summary J. at 30-31.  Thus, the law of the case doctrine does not bar the court from granting MDC's Motion to Amend.

In the same vein, the court concludes that MDC's proposed amendment is not, as Precision argues, "futile."  An amendment is "futile if the proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).  However, if "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).  Here, MDC has alleged that Precision had notice of MDC's claim against it, curing the pleading deficiency identified by the court in its September 22, 2021 Ruling.  See Sept. 22, 2021 Ruling on Mots. for Summary J. at 30-31.

As the court has discussed above, improper pleading may not always indicate an absence of diligence.  See pp. 4-6, supra.  The court notes that, while MDC wasted its resources to move for summary judgment as to Count Four, resulting in the court's adverse Ruling and notifying MDC of the pleading failures, Precision has not moved for

10

summary judgment against MDC as to Precision's duty to indemnify or defend MDC.[4] Moreover, the new claims will not result in undue prejudice to Precision. MDC's allegations are premised on evidence that is already in the record: MDC's October 5, 2018 demand to Ludlow, Ludlow's notice to Precision, and Precision's subcontract with MDC. Thus, the new claims should not require additional discovery, nor should they delay the resolution of this matter. Under the circumstances, the court concludes it would be overly harsh to preclude MDC from amending Count Four.

Concluding that neither the law of the case doctrine nor futility bars the court from granting the Motion to Amend, and because the proposed amendments will not result in undue prejudice to Precision, are not sought in bad faith, and are supported by good cause, the court grants MDC's Motion as to Count Four of MDC's Amended Complaint.[5]

### D.     Remaining Counts (Two, Five, Seven, and Eleven) as to Precision

Lastly, MDC seeks to add several allegations to Counts Two (failure to perform), Five (negligence), Seven (breach of warranty), and Eleven (common law

---

[4] Precision did file a Motion for Summary Judgment against MDC, but that Motion addressed only the narrow issue of whether MDC's damages for claims for personal property damage should be limited to a de minimus amount. See Precision Mot. for Summary J. as to MDC (Doc. No. 254). The court denied Precision's Motion. See Feb. 28, 2022 Ruling on Mots. for Summary J.

[5] Precision contends that MDC's counsel, Attorney Sweeney, violated Connecticut Rule of Professional Conduct 4.2 by sending a demand letter to Precision on September 29, 2021. See Precision Opp'n at 19-22; see also MDC Reply to Precision Opp'n at 10 (citing no authority but arguing his communication did not violate Connecticut Rule of Professional Conduct 4.2). Rule 4.2 is "primarily a rule of professional courtesy" that "protects against inappropriate communications with both individuals and organizations." S.E.C. v. Lines, 669 F. Supp. 2d 460, 463-465 (S.D.N.Y. 2009) (citing Grievance Comm. for S. Dist. of New York v. Simels, 48 F.3d 640, 647 (2d Cir. 1995)) (discussing New York's version of Rule 4.2, which is substantively identical to Connecticut's). Where a court determines that Rule 4.2 has been violated, the court "may exercise its discretion to exclude the resulting statements from evidence." Id. at 464.

The court will not reach the question of whether Rule 4.2 has been violated here, as it has no bearing on instant the Motion to Amend. However, should MDC attempt to introduce evidence of the September 29, 2021 demand letter, the court will consider the issue if raised.

indemnification) as to Precision. See MDC Mot. to Am. at Ex. 3 ¶¶ 31-33, 45-47, 55-59, 72-77.  In all four Counts, MDC adds a formulaic paragraph clarifying that it incurred damages. See id. at ¶¶ 33, 47, 59, 77.  Further, in Count Seven, MDC adds that Precision agreed to perform the Work in accordance with the Contract design, drawings, and specifications. See id. at ¶ 58.  Another addition to Count Eleven alleges that Precision has refused to pay costs or fees. See id. at ¶ 75.

      The court concludes that none of the alleged changes are unduly prejudicial.  As to the paragraphs alleging damages, as the court has discussed above, see pp. 4-5, supra, MDC's First Amended Complaint  "pl[ed] factual content that allows the court to draw the reasonable inference that [MDC] suffered damages . . . ." See Terex S. Dakota, 2018 WL 1211198, at *3.  Moreover, Precision is aware that MDC is seeking damages—indeed, Precision filed a Motion for Summary Judgment seeking to limit the damages that MDC could recover in this action.  See Precision Mot. for Summary J. as to MDC (Doc. No. 254).  Thus, the damages allegations come as no surprise to Precision.  Likewise, the remaining proposed allegations cannot have caught Precision unawares: the allegations do not alter the causes of action pled, nor do they change the underlying bases for the causes of action. Thus, the proposed amendments would not require new discovery, delay the resolution of this matter, or prevent Precision from bringing a timely action in another jurisdiction.  Precision also has not shown, nor does the record reflect, that MDC seeks to amend in bad faith.

      Furthermore, MDC has made a barely passable showing of good cause and has not demonstrated a lack of diligence.  See pp. 4-5, supra.  Because the record reflects an absence of undue prejudice or bad faith, balancing the requirements of Rules 15 and

16, MDC's showing of good cause is sufficient to support the granting of its Motion to Amend in full.

IV.     **CONCLUSION**

For the foregoing reasons, the court grants MDC's Motion to Amend its First Amended Complaint (Doc. No. 313).  MDC is ordered to file its Second Amended Complaint, attached to its Motion as Exhibit 2 (Doc. No. 313-2) within 7 days of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 16th day of March, 2022.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge